IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CODEPINK WOMEN FOR PEACE;        )
THREE RIVERS CLIMATE             )
CONVERGENCE; THOMAS MERTON       )
CENTER; PITTSBURGH OUTDOOR       )
ARTISTS; BAIL OUT THE PEOPLE;    )
and G6 BILLION JOURNEY AND       )
WITNESS,                         )
                                 )
          Plaintiffs,            )
     v.                          )     Civil Action No. 09-1235
                                 )
UNITED STATES SECRET SERVICE     )
OF THE DEPARTMENT OF HOMELAND    )
SECURITY; CITY OF PITTSBURGH;    )
and PENNSYLVANIA DEPARTMENT      )
OF CONSERVATION AND NATURAL      )
RESOURCES,                       )
                                 )
          Defendants.            )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                    June  /  , 2010


          Before the court is plaintiffs' motion for attorneys'

fees and costs. On September 17, 2009, we granted in part and

denied in part plaintiffs' preliminary injunction in this civil

rights action brought pursuant to 42 U.S.C. § 1983. On November 3,

2009, we granted plaintiffs' unopposed motion to voluntarily

dismiss their lawsuit. Plaintiffs now seek attorneys' fees and

costs for work related to the preliminary injunction hearing.

          Plaintiffs, Codepink Women for Peace ("Codepink"), Three

Rivers Climate Convergence ("Three Rivers"), Thomas Merton Center,

Pittsburgh Outdoor Artists, Bail Out the People, and G6 Billion

Journey and Witness, filed a petition requesting attorneys' fees in

the amount of $125,779.00, and expenses in the amount of $1,843.97, from defendants United States Secret Service Department of Homeland Security ("United States"), City of Pittsburgh, and Pennsylvania Department of Conservation and Natural Resources ("DCNR"). After filing their petition for attorneys' fees and costs, plaintiffs stipulated that they were not seeking attorneys' fees and costs from defendant United States. (See, doc. no. 43.) Accordingly, we shall only consider whether an award of attorneys' fees and costs is appropriate as to the City of Pittsburgh and DCNR.

Defendant DCNR has denied that it must pay any assessed attorneys' fees and costs because plaintiffs did not prevail against it. Defendant City of Pittsburgh argues for a seventy-five percent reduction in the amount of fees plaintiffs are requesting. No defendant is challenging the costs. For the reasons that follow, we will award plaintiffs their full costs and reduced attorneys' fees by twenty-five percent solely against defendant City of Pittsburgh.

**I.  Background**

Plaintiffs are organizations which sought to demonstrate in Pittsburgh, Pennsylvania during the week of September 20, 2009, during the International Coal Conference and the Group of 20 Summit ("G-20 Summit"). Plaintiffs filed a complaint along with a motion for a temporary restraining order and preliminary injunction on September 11, 2009, alleging defendants violated their First and

2

Fourteenth Amendment rights. Plaintiffs sought injunctive relief from this court.

On September 14, 2009, this court ordered that the parties spend one day trying to resolve their differences and then one day performing discovery on any issue that could not be resolved. This court held a hearing on September 16, 2009 on three issues which the parties could not resolve. Based on the evidence and testimony presented at the hearing, this court found in favor of the plaintiffs on one of the three issues. (See, doc no. 37.) Plaintiffs now seek attorneys' fees and costs for work performed in connection with the September 16, 2009 hearing.

## II. Standard

Pursuant to 42 U.S.C. § 1988(b), this court has the discretion to award reasonable attorneys' fees and costs in a section 1983 case to the prevailing party. See also, Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 789 (1989) (no fee award is permissible until the plaintiff has crossed the "statutory threshold" of prevailing party status).

The Supreme Court has given a "generous formulation" to the term "prevailing party," stating that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Truesdell v. Philadelphia Housing Authority, 290 F.3d 159, 163 (3d Cir.

2002), (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, (1983)).
In order to be considered a prevailing party, within the meaning of
Section 1988, the plaintiff must be able to point to a resolution
of the dispute **which changes the legal relationship** between itself
and the defendant." Truesdell, 290 F.3d at 163 (citing Texas State
Teachers Ass'n, 489 U.S. at 792)(emphasis in original). "The
touchstone of the prevailing party inquiry must be the material
alteration of the legal relationship of the parties ... ." Texas
State Teachers Ass'n, 489 U.S. at 792-93.

However, courts may not award fees and costs based on a
"catalyst theory." Buckhannon Bd. and Care Home, Inc. v. West
Virginia Dep't. of Health and Human Resources, 532 U.S. 598, 604
(2001). This means that the alteration of the parties' legal
relationship must occur as the result of a "court-ordered change"
in that legal relationship. Id. Plaintiffs do not become
"prevailing parties" solely because their lawsuit caused a
voluntary change in the defendants' conduct because, in that
situation, the change in legal relationship lacks the requisite
"judicial imprimatur." Id.

In addition, even though the Supreme Court in Texas State
Teachers Ass'n held that even a technical or de minimis victory can
confer prevailing party status on a plaintiff, the Court in Farrar
v. Hobby clarified that a distinction exists between the issues of
a plaintiff's eligibility to be awarded attorneys' fees, and the

4

amount of that award. 506 U.S. 103, 114 (1992); see also, Truesdell, 290 F.3d at 166 (the degree of the plaintiff's overall success goes to the reasonableness of the award under Hensley, not to the availability of a fee award vel non).

## III. Discussion

In this case, plaintiffs' complaint raised four discrete issues which arose from a set of related facts. The four issues were whether plaintiffs' First and Fourteenth Amendment rights were violated when: (1) defendants refused to issue permits for plaintiffs' use of Point Park during the week of September 20, 2009; (2) defendants failed to timely issue permits they had previously granted to plaintiffs; (3) defendants refused to allow plaintiffs to assemble and march from the City-County Building to another location in downtown Pittsburgh within 0.7 miles of the Convention Center (where much of the International Coal Conference and G-20 Summit took place); and (4) defendants refused to allow demonstrators to erect overnight encampments or "tent cities" in any of the parks in Pittsburgh.

The parties were ordered by this court to spend a day attempting to resolve their differences, and then a day conducting discovery on any matter that could not be resolved. On September 16, 2009, the day of the preliminary injunction hearing, these four issues had been significantly narrowed due to settlement. Accordingly, the only remaining issues for the court to consider

5

were whether: (1) plaintiff Codepink could erect an exhibition and demonstrate in Point State Park from Sunday, September 22, 2009, at 7:00 p.m. to Tuesday September 24, at 7:00 p.m.; (2) plaintiff Thomas Merton Center could march from the City-County Building to the Seventh Street Bridge and hold rally on the bridge; and (3) plaintiffs could camp overnight in Schenley Park. See, doc. no. 37, p. 3. After a day-long hearing on these matters, this court held that plaintiff Codepink could demonstrate within the dates and times proscribed above, but denied plaintiffs' request to hold a rally on the Seventh Street Bridge and camp overnight in Schenley Park. Id. at pp. 10, 12-13, 15, 19-20.

Under Truesdell, plaintiffs may be considered a prevailing party, within the meaning of Section 1988, because plaintiff Codepink can point to a resolution of its dispute (demonstrating in Point State Park) which "changed the legal relationship between itself and the defendants." Truesdell, 290 F.3d at 163. However, all other claims raised by plaintiffs were either settled before the hearing on September 16, 2009, or they were denied by this court. Therefore, even though plaintiffs did not succeed on all claims, the magnitude of the relief they obtained does not impede this court from finding that Codepink was a prevailing party, and thus entitled to attorneys' fees and

costs.[1] See, Farrar, 506 U.S. at 113-14.

The only remaining question for this court to resolve to is what fee is "reasonable." As the Hensley Court suggested, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. at 433. The Hensley Court qualified this statement by noting:

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

Id. at 434.

As applied to this case, in response to the first question, we find that the claims plaintiffs unsuccessfully litigated were related by common core facts and related legal

---

[1] Plaintiffs argue that both Codepink and Three Rivers obtained court approval to protest in Point State Park from September 22, 2009 at 7 p.m. to September 24, 2009, at 7 p.m. However, the September 17, 2009 transcript clearly indicates this court awarded only Codepink the right to demonstrate in the park. (See, doc. no. 37, pp. 16-20).

theories to the one claim they successfully litigated. Thus, we concur with plaintiffs that the amount of time their attorneys spent on the successful Codepink claim cannot be parsed out from the time spent on all of plaintiffs' other unsuccessful claims.

However, with respect to the second Hensley question, we find that plaintiffs did not achieve a level of success which makes the total hours expended a satisfactory basis for making a fee award. Simply put, under Hensley, given the level of plaintiffs' success, we find that the product of hours expended on the litigation as a whole, times a reasonable hourly rate, to be an excessive amount. See, id. at 436.

Given this precise situation, where the lawsuit consisted of related claims and where plaintiffs achieved partial success, Hensley instructs us to focus "on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. at 435. Hensley rejected a strict mathematical approach comparing the total number of issues in the case to those actually prevailed upon, id. at 435, n.11.; instead, the Court emphasized the most critical factor "is the degree of success obtained." Id. at 436. The Hensley Court also recognized that "[t]here is no precise formula" for making a fee determination in this situation, and specifically held that a district court, "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for

limited success." Id. at 436-437.

With these considerations in mind, we turn to the events that occurred in the instant matter. We find first, that only one of the six plaintiffs obtained any sort of court-ordered relief, and that plaintiff (Codepink) achieved only partial success. The complaint indicates Codepink sought to obtain a permit for a week-long demonstration, but after settlement discussion, plaintiffs sought, and this court granted, permission to demonstrate over a two-day period. However, all of the issues presented by plaintiffs at the preliminary injunction hearing were based on related legal theories arising from a common core set of facts. The evidence relied upon by this court in finding in favor or Codepink was presented on behalf all plaintiffs including the non-prevailing plaintiffs.

Next, we find that the hourly rates assessed by each attorney comprising plaintiffs' counsel to be reasonable given each attorney's experience. Defendant City of Pittsburgh provided a report from a legal billing auditor who also concurred that three of the five attorneys charged a reasonable hourly rate. The auditor recommended reducing the hourly rate of the two other attorneys by fifty dollars per hour, per person (from $450/hour to $400/hour) to bring their fees in line with those of the most senior litigator on the counsel team. However, we do not find seniority to be the sole determinative factor; rather, we consider the differences in the

accomplishments, experience, and skill sets of the two attorneys in question and that of the most senior attorney on the team as evidenced by the resumes plaintiffs attached. After careful consideration, we find the billing rates for all five attorneys as submitted by plaintiffs to be reasonable.

Third, as plaintiffs point out in their petition, they compressed a great deal of work into a relatively short period of time. Plaintiffs supplied a lodestar showing the combined number of attorney hours for all five of plaintiffs' attorneys to be 298.1 hours.[2] We find that based on the nature of the testimony presented during the hearing on September 16, 2009, many attorney hours (in terms of historical research, preparation of witnesses, and the like), had to have been spent working on the overnight camping matter and the march matter. Based in part on the nature of the hearing testimony, and based in part on our determination that the degree of success obtained by the plaintiffs was not substantial, we do not think plaintiffs are entitled to a full award of attorneys' fees. However, because we concur that the issues in this

---

[2] Plaintiffs' reply brief indicates plaintiffs' counsel spent 316.64 total hours. The difference between the 298.1 set forth in plaintiffs' petition and the 316.64 set forth in their reply brief is the amount of time one of the attorneys spent drafting and filing a reply to the City's response to the petition for fees and costs. As noted in Hensley, a "request for attorney's fees should not result in second major litigation." Id. at 437. Given this statement and our discretionary authority, we will not award attorneys' fees for the additional eighteen-plus hours spent by plaintiffs' counsel in his effort to recover fees.

10

case were interrelated and arose, generally speaking, from a common core set of facts and legal theories, the negative multiplier will be a relatively low number - 25%.

Using the lodestar supplied by plaintiffs in their petition, and correcting it for mathematical errors noted by the legal billing auditor presented by the City of Pittsburgh, we find plaintiffs are entitled to: (1) the total amount of their costs, $1,844.57, and (2) fees in the amount of $94,398.00 ($125,864.00 - 25%).

Finally, we note that defendant DCNR argued that it would not owe plaintiffs any attorneys' fees or costs because plaintiffs did not obtain any sort of court-ordered relief from DCNR. Based on our September 17, 2009 opinion, we specifically held that plaintiff Codepink only prevailed against defendant, City of Pittsburgh, and not DCNR. (See, doc. no. 37, pp. 16-17.) In addition, we note that plaintiffs failed to file a reply to DCNR's opposition to the fee petition, but did file a reply to the City's. Thus, it appears that plaintiffs do not dispute DCNR's argument that it cannot be held liable for any attorneys' fees or costs.

Accordingly, we will award attorneys' fees and costs to plaintiffs with a 25% reduction as to attorneys' fees to be assessed solely against defendant City of Pittsburgh. Thus, costs in the amount of $1,844.57 and attorneys' fees in the amount of $94,398.00 ($125,864.00 - 25%) shall be awarded to plaintiffs and

against defendant City of Pittsburgh. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CODEPINK WOMEN FOR PEACE;          )
THREE RIVERS CLIMATE               )
CONVERGENCE; THOMAS MERTON         )
CENTER; PITTSBURGH OUTDOOR         )
ARTISTS; BAIL OUT THE PEOPLE;      )
and G6 BILLION JOURNEY AND         )
WITNESS,                           )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )   Civil Action No. 09-1235
                                   )
UNITED STATES SECRET SERVICE       )
OF THE DEPARTMENT OF HOMELAND      )
SECURITY; CITY OF PITTSBURGH;      )
and PENNSYLVANIA DEPARTMENT        )
OF CONSERVATION AND NATURAL        )
RESOURCES,                         )
                                   )
          Defendants.              )

## ORDER

AND NOW, this 1st day of June, 2010, IT IS HEREBY ORDERED that
plaintiffs' petition for attorneys' fees and costs [doc. no. 41] is
GRANTED WITH MODIFICATION as to defendant City of Pittsburgh and
DENIED as to all other defendants. Based on the memorandum filed
contemporaneously with this order, plaintiffs may recover costs in
the amount of $1,844.57 and attorneys' fees in the amount of
$94,398.00 ($125,864.00 - 25%) from defendant City of Pittsburgh.

BY THE COURT:

_____, C..J.

cc:  All Counsel of Record

13